# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **Angela Butler,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:24-cv-00723 |
| | ) |
| **NCB Management Services, Inc.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT, NCB MANAGEMENT SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, NCB Management Services, Inc. ("NCB"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Angela Butler ("Plaintiff"), and states:

### Introduction

1. NCB admits Plaintiff purports to assert claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Regulation F, 12 C.F.R. Part 1006 *et seq.*, but denies any violations thereunder as alleged in ¶ 1.

2. The FDCPA and Regulation F speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 2 state otherwise, they are denied.

3. NCB denies the allegations in ¶ 3 as calling for a legal conclusion.

4. NCB denies the allegations in ¶ 4 as calling for a legal conclusion.

**Jurisdiction**

5. NCB admits Plaintiff's asserted FDCPA claim gives rise to federal question jurisdiction. Except as specifically admitted, NCB denies the allegations in ¶ 5 as calling for a legal conclusion.

**Venue**

6. NCB admits, solely based on the allegations in the Complaint, that venue is appropriate in this District.

7. NCB refers to its specific responses to any alleged acts or transactions and further denies the allegations in ¶ 7 as calling for a legal conclusion.

8. Upon information and belief, NCB admits Plaintiff resides in this District.

9. NCB denies the allegations in ¶ 9 as calling for a legal conclusion.

**Parties**

10. Upon information and belief, NCB admits Plaintiff is a natural person.

11. NCB denies the allegations in ¶ 11 as calling for a legal conclusion.

12. NCB denies the allegations in ¶ 12 as calling for a legal conclusion.

13. NCB admits part of its business is the collection of unpaid obligations. NCB further admits it has an office in Pennsylvania. Except as specifically admitted, NCB denies the allegations in ¶ 13 as calling for a legal conclusion.

14. Exhibit 1 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 14 state otherwise, and as calling for a legal conclusion, they are denied.

15. NCB admits part of its business is the collection of unpaid obligations of others. Except as specifically admitted, NCB denies the allegations in ¶ 15 as calling for a legal conclusion.

16. NCB admits part of its business is the collection of unpaid obligations of others. Except as specifically admitted, NCB denies the allegations in ¶ 16 as calling for a legal conclusion.

**Factual Allegations**

17. NCB admits it is the current owner of an unpaid obligation owed by Plaintiff. Except as specifically admitted, NCB denies the allegations in ¶ 17 as calling for a legal conclusion.

18. NCB denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

19. NCB admits Plaintiff's obligation remains unpaid. Except as specifically admitted, NCB denies the allegations in ¶ 19 as calling for a legal conclusion.

20. NCB admits Plaintiff's obligation was unpaid when NCB obtained the account. Except as specifically admitted, NCB denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

21. NCB admits Plaintiff now purports to dispute her obligation on the account. Except as specifically admitted, NCB denies the allegations in ¶ 21 as calling for a legal conclusion.

22. NCB admits Plaintiff now requests that NCB not communicate with her further regarding the account. Except as specifically admitted, NCB denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. NCB denies the allegations in ¶ 23 as calling for a legal conclusion.

24. NCB denies the allegations in ¶ 24 as calling for a legal conclusion.

25. NCB admits Plaintiff is represented in this action. Except as specifically admitted, NCB denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. NCB admits it reported information regarding Plaintiff's account to Experian.

27. NCB denies the allegations in ¶ 27 as calling for a legal conclusion.

28. Exhibit 2 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 28 state otherwise, they are denied.

29. Exhibit 2 speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 29 state otherwise, they are denied.

30. NCB denies the allegations in ¶ 30 as calling for a legal conclusion.

31. The referenced letters are the best evidence of their contents. To the extent the allegations in ¶ 31 state otherwise, and as calling for a legal conclusion, they are denied.

32. NCB denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33. Plaintiff's credit report speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 33 state otherwise, they are denied.

34. The referenced credit report is the best evidence of its contents. To the extent the allegations in ¶ 34 state otherwise, they are denied.

35. The referenced credit report is the best evidence of its contents. To the extent the allegations in ¶ 35 state otherwise, they are denied.

36. NCB denies the allegations in ¶ 36.

37. NCB denies the allegations in ¶ 37.

38. NCB denies the allegations in ¶ 38.

39. NCB denies the allegations in ¶ 39.

40. NCB denies the allegations in ¶ 40 as calling for a legal conclusion.

41. NCB denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

42. NCB denies the allegations in ¶ 42 as calling for a legal conclusion.

43. NCB denies the allegations in ¶ 43 as calling for a legal conclusion.

## First Claim for Relief:
## [Alleged] Violation of the FDCPA

1. NCB incorporates the foregoing as if fully stated herein.

2. NCB denies the allegations in ¶ 2.

3. NCB denies the allegations in ¶ 3.

4. NCB denies the allegations in ¶ 4.

5. NCB denies the allegations in ¶ 5.

6. NCB denies the allegations in ¶ 6.

## Second Claim for Relief:
## Violation of Regulation F

1. NCB incorporates the foregoing as if fully stated herein.

2. NCB denies the allegations in ¶ 2.

3. NCB denies the allegations in ¶ 3.

## Prayer for Relief

NCB denies that plaintiff is entitled to the relief sought, including its subparts (1) through (4).

## **AFFIRMATIVE DEFENSES**

1. Pursuant to 15 U.S.C. § 1692k(c), to the extent any violations are established, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. NCB denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of NCB's purported violations.

3. One or more claims asserted by Plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than NCB and were beyond the control or supervision of NCB or for whom NCB was and is not responsible or liable.

6. Plaintiff has failed to state a claim against NCB upon which relief may be granted.

WHEREFORE, Defendant, NCB Management Services, Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Date: May 29, 2024

Respectfully submitted,

*/s/ Bradley J. St. Angelo*
Bradley J. St. Angelo, Esq.
Sessions, Israel & Shartle
Lakeway Three, Suite 2800
3838 North Causeway Boulevard
Metairie, LA  70002-7227
Telephone: (504) 846-7905
Facsimile:  (504) 828-3737
Email: bstangelo@sessions.legal

*Counsel for Defendant,*
*NCB Management Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 29, 2024, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

*/s/ Bradley J. St. Angelo*
Bradley J. St. Angelo, Esq.